IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ASTRAZENCA PHARMACEUTICALS LP,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW BAILEY, in his official capacity as ATTORNEY GENERAL OF THE STATE OF MISSOURI; JAMES L. GRAY, in his official capacity as President of the Missouri Board of Pharmacy; CHRISTAN S. TADRUS, in his official capacity as Vice-President of the Missouri Board of Pharmacy; and DOUGLAS R. LANG, ANITA K. PARRAN, COLBY GROVE, TAMMY THOMPSON, and DARREN HARRIS, in their official capacities as members of the Missouri Board of Pharmacy,<br><br>Defendants. | Case No. 2:24-cv-04143-MDH |

## ORDER

Before the Court is the Missouri Hospital Association ("MHA") and Missouri Primary Care Association's ("MPCA") (collectively the "Proposed Intervenors") Motion to Intervene. (Doc. 43). Plaintiff has filed a response taking no position on the motion to intervene (Doc. 53) and Defendants have no position regarding MHA and MPCA intervening.

## BACKGROUND

This case arises out of Senate Bill ("SB") 751 which created protections to the delivery of 340B drugs to contract pharmacies on behalf of "covered entities". Section 340B incentivizes pharmaceutical manufactures to provide qualified health care providers, referred to as "covered entities," with pricing discounts on certain drugs prescribed to individuals and families whose

1

income falls below the federal poverty level. Covered entities have contracted with outside pharmacies or "contract pharmacies," for the distribution and dispensation of 340B drugs. SB 751 protects hospitals, federal qualified health centers ("FQHC"), and their patients from drug manufacturers' restrictions on the number of contract pharmacies a hospital or FQHC can use and still receive discount pricing under 340B plan. Plaintiff is a limited partnership organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. Defendants are all residents of Missouri that are responsible for administering and enforcing the provisions of SB 751.

MHA and MPCA are looking to intervene in this matter on behalf of their respective members. MHA is a Missouri, not-for-profit member organization whose mission is to shape an environment that enables member hospitals and healthcare systems to meet their evolving missions so that they may improve the health of their patients and community. MHA has 139 hospital members approximately half of which are "covered entitles" in the 340B program. MPCA is a Missouri, not-for-profit member organization whose mission is to be Missouri's leader in shaping policies and programs that improve access to high-quality, community-based, and affordable primary health services. MPCA's members are Missouri community health centers that serve low income and medically under-served communities. All of MPCA's members are "covered entitles" in the 340B program.

**STANDARD**

"An Article III case or controversy is one where all parties have standing, and a would-be intervenor, because he seeks to participate as a party, must have standing as well." *Liddell v. Special Admin. Bd. Of Transitional Sch. Dist. Of City of St. Louis*, 894 F.3d 959, 964 (8th Cir.

2018) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996). A prospective intervenor, then, must satisfy requirements of Article III standing. *Liddell* at 964. The Intervenor must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, ---U.S.----, 136 S.Ct. 1540, 1547, 194 L.Ed. 2d 635 (2016). To establish an injury in fact, the intervenor must show he or she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed. 2d 351 (1992).

The court must permit anyone to intervene as a matter of right if: (1) the motion is timely; (2) the intervenor "claims an interest relating to the property or transaction that is subject of the action"; (3) disposition of the action "may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) the existing parties do not "adequately represent" the interest. Fed. R. Civ. P. 24(a)(2).

## ANALYSIS

**I.     The Proposed Intervenors Have Standing**

MHA and MPCA are intervening on behalf of their members. When the proposed intervenors are an organization, the standing requirement can be satisfied in two ways; either the organization can claim that it suffered an injury in its own right or it can assert solely as the representative of its members. *Students for Fair Admissions, Inc. v. Pres. and Fellows of Harvard College*, 600 U.S. 181, 199 (2023). To invoke associational standing an organization must demonstrate that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim

3

asserted nor the relief requested requires the participation of individual members in the lawsuit. *Id.* (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

Both Proposed Intervenors have standing. MHA specifically points to an individual member who uses multiple contract pharmacies and would be harmed by restrictions set by drug manufactures relating to contract pharmacies. Likewise, MPCA's demonstrates that two of their members use multiple contract pharmacies and therefore would be harmed if contract pharmacy restrictions would be allowed. They have demonstrated an injury-in-fact that is a legally protected interest, concrete and particularized and would be an actual or imminent injury if SB 751 were to be found unenforceable. The Proposed Intervenors argue that if Plaintiff is successful, its members could trace their injuries to the court order barring enforcement of SB 751.  The harms alleged by members of the Proposed Intervenors would be redressable by this Court based on a favorable decision to allow SB 751 to be enforced. The Court finds this sufficient to establish the Proposed Intervenors members have standing to sue in their own right. Additionally, both MHA and MPCA's mission statements are germane to the organizations purpose and neither the claim asserted, nor the relief requested requires the participation of individual members in the lawsuit. Therefore, the Proposed Intervenors have associational standing in this case.

## II. The Proposed Intervenors Are Permitted to Intervene as a Matter of Right

### a. The Proposed Intervenors Motion is Timely

In considering the timeliness of a motion to intervene, a court should consider: (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and

(4) whether the delay in seeking intervention may prejudice the existing parties. *American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011).

Here, the case commenced on August 21, 2024 when Plaintiff filed their Complaint. (Doc. 1). The Proposed Intervenors filed their Motion to Intervene on October 15, 2024. (Doc. 43). Between August 21 and October 15 there had been no progress in the litigation. The Proposed Intervenors were likely aware of the litigation given their participation in a similarly related case. There was minimal delay in seeking intervention as the proposed intervenors submitted their motion within two months after the case commenced. The delay in seeking intervention would not prejudice the existing parties. The Proposed Intervenors motion is timely.

b. **The Proposed Intervenors Have a Legitimate Interest in the Lawsuit**

The proposed intervenors must have an interest in the subject matter of litigation, *i.e.*, an interest that is "direct," as opposed to tangential or collateral. That interest must also be "recognized," *i.e.*, both "substantial" and "legally protectable." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995) (quoting *S.E.C. v. Flight Transp. Corp.*, 699 F.2d 943, 949 (8th Cir. 1983). The Proposed Intervenors assert that their members participate in the 340B program and either do not have in-house pharmacies and must use contract pharmacies or choose to use contract pharmacies to ensure their patients are able to continue receiving medications at a discounted price. Plaintiff's Complaint challenges SB 751 and its protection to covered entities using multiple contract pharmacies and still receiving discounted prices under the 340B plan. The Court finds the Proposed Intervenors have a direct and recognized interest in the subject matter of this litigation.

### c. The Proposed Intervenors are so Situated that Disposing of the Lawsuit Without the Proposed Intervenors Would Impair or Impede its Ability to Protect Its Interests

The Proposed Intervenors argue SB 751 protects its members ability to use contract pharmacies to provide affordable medications to their patients. Without SB 751's protections for contract pharmacies, Proposed Intervenors' members would be subjected to drug manufactures restrictions relating to contract pharmacies and would impact the needs of their patients or the communities in which they serve. This is sufficient to show that as a practical matter disposition of the lawsuit without the Proposed Intervenors would impair or impede their members ability to protect their interests.

### d. The Proposed Intervenors are not Adequately Represented by the Existing Parties

Where a proposed intervenor's asserted interest is one that a governmental entity who is a party to the case is charged with protecting, we presume that the government's representation is adequate. *Entergy Arkansas, LLC v. Thomas*, 76 F.4th 1069, 1071 (8th Cir. 2023). The proposed intervenor may avoid this presumption by showing that it "stands to gain or lose from the litigation in a way different from the public at large," or that its interest is "narrower and more parochial" than the government's. *Id*. (quoting *Mille Lacs Band of Chippewa Indians v. Minn.*, 989 F.2d 994, 1001 (8th Cir. 1993). But if it cannot do so and the presumption therefore applies, the proposed intervenor can rebut it only with a "strong showing" of inadequacy, such as by demonstrating that the governmental entity "has committed misfeasance or nonfeasance in protecting the public." *Id*. (quoting *North Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 922 (8th Cir. 2015).

Here, the Proposed Intervenors have shown that it stands to gain or lose from the litigation in a way different from the public at large. Members of the Proposed Intervenors are entities that have been affected by the 340B program and drug manufacturers' actions to block shipment of 340B medications to contract pharmacies of covered entities. Their members would be the benefactors of SB 751's protections of contract pharmacies, and they are the entities providing care to low income and medically under-served Missourians. These actions are sufficiently different then those of the public and thus the Proposed Intervenors are not adequately represented by the government and are opposed by Plaintiff.

## CONCLUSION

For the reasons stated herein, MHA and MPCA's Motion to Intervene as a Matter of Right is **GRANTED** pursuant to Federal Rule of Civil Procedure 24.


**IT IS SO ORDERED.**
Dated: November 15, 2024                              /s/ Douglas Harpool
                                                                        **DOUGLAS HARPOOL**
                                                                        **United States District Judge**

7

Case 2:24-cv-04143-MDH    Document 67    Filed 11/15/24    Page 7 of 7